UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

SYLVIA OLIVER on behalf of TERRICINA OLIVER,

                      Plaintiff,

    -against-

JOANNE B. BARNHART, Commissioner of Social
Security,

                      Defendant.
------------------------------------------------------------------- X

05 CV 3216 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Sylvia Oliver ("Mrs. Oliver"), proceeding pro se on behalf of her granddaughter, Terricina Oliver ("plaintiff" or "Terricina"), brought the instant action under 42 U.S.C. §§ 1983 and 1985 and various state laws, alleging that the Commissioner of the Social Security Administration ("Commissioner") and several of her employees (collectively, "defendants") conspired to violate Terricina's right to due process and equal protection by depriving her of her right to disability benefits. Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the court grants defendants' motion in part and appoints counsel to represent Terricina for the limited purpose of pursuing her social security benefits.

## BACKGROUND

The following factual allegations are drawn from plaintiffs' complaint. For the purposes of a motion to dismiss, all facts alleged in the complaint are presumed to be true.

1

On or around October 28, 2003, Terricina, who was approximately six years old at the time, was in the care of her mother Cappucine Oliver ("Ms. Oliver") and living in North Carolina. On October 28, 2003, Terricina did not attend an appointment with a doctor ordered by the Social Security Administration ("SSA") to evaluate whether Terricina was still eligible for the benefits she had been receiving for a prior disability determination.[1] By letter dated October 30, 2003, the SSA requested that Ms. Oliver call the SSA within ten days to explain why Terricina missed her appointment. Ms. Oliver called the SSA, explained why Terricina missed the appointment, and was told that Terricina would receive another letter in the mail. On or around November 14, 2003, Ms. Oliver received a letter from the SSA stating that the doctor's appointment was cancelled and no evaluation was necessary. The letter also informed Ms. Oliver that the SSA would notify her in the future if further evaluations of Terricina were ever needed. In December 2003, the SSA sent a letter to Terricina stating that she would receive continuing benefits starting from January 2004 in the amount of $564.00 per month.

In February 2004, Mrs. Oliver, Terricina's maternal grandmother, contacted the SSA office in North Carolina to request to be Terricina's payee. By letter dated February 9, 2004, the SSA denied Mrs. Oliver's request. Mrs. Oliver alleges that the SSA never informed her of a cessation date with regard to Terricina's benefits at this point.

In July 2004, Mrs. Oliver contacted the SSA office in New York to make another request to be Terricina's payee. Ms. Brown, an employee in the Brooklyn office of the SSA, informed Mrs. Oliver that if she provided court documents showing that she had custody of Terricina, she

---

[1] By initial decision in May 2000, the Social Security Administration ("SSA") determined that Terricina was disabled based on speech and language impediments as of the onset date of December 1, 1999. (Gov't Ex. A at 5.)

2

could be substituted as the payee. In October 2004, the SSA apparently made Mrs. Oliver the payee and granted retroactive benefits to Terricina in the amount of $4,393.00. Mrs. Oliver contested the amount as insufficient, and the SSA subsequently corrected the monthly benefit amount and granted Terricina partial retroactive benefits.

Shortly afterwards, Mr. Larios, an employee with the New York state agency that makes disability determinations for the SSA, informed Mrs. Oliver that Terricina's benefits would be terminated based on an alleged cessation date of October 30, 2003. The letter further stated that Mrs. Oliver could appeal the decision to an Administrative Law Judge ("ALJ"). On March 29, 2005, plaintiff filed a complaint against the SSA with the Inspector General's Office. Ms. Furman, an SSA employee, responded to Mrs. Oliver's complaint by informing her that the SSA's reconsideration of Terricina's disability was an error and that it could be resolved if Mrs. Oliver provides all of Terricina's past medical records to the SSA. Mrs. Oliver informed Ms. Furman that she did not have all of Terricina's past records because many of the documents were in North Carolina, where Terricina had previously lived with her mother. Ms. Furman nonetheless reassured Mrs. Oliver that she would resolve the problem. However, Ms. Furman never contacted Mrs. Oliver again, and Terricina's benefits have not been restored.

Mrs. Oliver, proceeding pro se, filed the instant action on June 30, 2005, alleging that defendants conspired to violate Terricina's right to due process and equal protection by denying her of her right to disability benefits.

## DISCUSSION

### A. Motion to Dismiss Standard

#### 1) Rule 12(b)(1)

3

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other materials beyond the pleadings. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 & n.6 (2d Cir. 2001). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). As the party seeking to invoke the jurisdiction of the court, the plaintiff bears the burden of demonstrating that subject matter jurisdiction is proper based on facts existing at the time the complaint was filed. Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996).

**2) Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court should dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." King v. Simpson, 189 F.3d 284, 286-87 (2d Cir. 1999) (internal quotation marks and citation omitted). The court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). The primary inquiry is not whether the plaintiff will ultimately prevail, but whether the plaintiff's allegations are sufficient to permit him to support his claims with evidence. See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

It should also be noted that courts are particularly hesitant to dismiss actions filed by pro se litigants, as pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). "When considering motions

4

to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].'" Weixel v. N.Y.C. Bd. of Educ., 287 F.3d 138, 145-6 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). As a general rule, an action brought pro se "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980). "Nevertheless, the [c]ourt is also aware that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Iwachiw v. N.Y.C. Bd. of Educ., 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002) (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

## B. Claims under Sections 1983 and 1985(3)

The complaint alleges that defendants deprived Terricina Oliver of her due process and equal protection rights, in violation of § 1983, by denying payment of her social security benefits without good cause. The complaint also alleges that defendants conspired to deprive Terricina of her constitutional rights in violation of § 1985(3) by fabricating a cessation date for Terricina's benefits and then withholding payment of the benefits without good cause. In addition, the complaint asserts various state law claims, including fraud, common law conspiracy, negligent infliction of emotional distress, and intentional infliction of emotional distress.

To the extent that Mrs. Oliver is bringing these claims on behalf of Terricina, the court must dismiss those claims without prejudice. The Second Circuit has held that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990). The Second

Circuit explained that "it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." Id.

Here, Mrs. Oliver, who has legal custody of Terricina, brought this action pro se on behalf of Terricina. The court has made every attempt to ensure that Mrs. Oliver is represented by counsel. The court appointed counsel to represent Mrs. Oliver, but appointed counsel withdrew from the case due to Mrs. Oliver's lack of cooperation.² Given Mrs. Oliver's failure to cooperate with appointed counsel, the court denied Mrs. Oliver's second motion to appoint counsel without prejudice to renewal after the briefing on the instant motion was completed. However, the court granted Mrs. Oliver liberal extensions on the briefing schedule for the instant motion to accommodate her need to find a private attorney to represent her on this case. Mrs. Oliver did not find a private attorney to represent her, even though she has almost a year to do so, and is not entitled to the appointment of counsel on her § 1983 and § 1985(3) claims.³

---

² By order dated August 22, 2005, the court granted Mrs. Oliver's motion to appoint counsel and subsequently appointed Christopher Bowes, Esq., Executive Director of the Center for Disability Advocacy Rights, to represent Mrs. Oliver. By letter dated November 29, 2005, Mr. Bowes filed a motion to be relieved as counsel because he failed to persuade Mrs. Oliver to withdraw her claims for damages under § 1983 and § 1985(3) and solely focus on restoration of Terricina's social security benefits. The court granted Mr. Bowes' application on December 7, 2005.

³ The Second Circuit has set forth the factors the district court must consider in deciding whether to appoint counsel pursuant to the in forma pauperis statute, 28 U.S.C. § 1915:
> In deciding whether to appoint counsel, ... the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to

Consequently, the court dismisses the § 1983, § 1985(3), and state law claims without prejudice. See Cheung, 906 F.2d at 62 ("If [plaintiff] does not retain counsel and if the district court declines to appoint counsel, the complaint should be dismissed without prejudice.").

---

lead to a just determination.
Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).
    In the instant case, the claims under § 1983 and § 1985(3) fail to meet the threshold requirement "to likely be of substance." See id. at 61. With regard to the § 1983 claim, the complaint fails to allege that defendants acted under the color of state law. The defendants, including the state agency employee, were acting pursuant to federal authority, i.e., Social Security regulations, and thus were acting under the color of federal law, not state law. See Ellis v. Blum, 643 F.2d 68, 83 n.17 (2d Cir. 1981) ("The mere fact that the federal agents happen to be state officials does not, without more, convert every intentional deviation from the federal path into an action taken under color of state law."). Consequently, Mrs. Oliver cannot establish state action as required by § 1983 and, thus, any claim under § 1983 would be meritless.
    Even adopting a liberal reading of the complaint as stating a claim pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), the court must conclude the plaintiff fails to establish a threshold showing of merit. In Schweiker v. Chilicky, the Supreme Court held that the improper denial of Social Security disability benefits, in violation of a claimant's due process rights, does not give rise to a cause of action for monetary damages under Bivens. 487 U.S. 412 (1988). In the instant case, despite Mrs. Oliver's claims to the contrary, the complaint clearly seeks monetary relief from defendants for the consequential damages incurred due to the SSA's denial of Terricina's disability benefits. Such a claim for monetary damages appears to be meritless under Schweiker.
    In addition, the complaint fails to establish a threshold showing of merit under § 1985(3). To state a claim under § 1985(3), the complaint must sufficiently allege the following four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993) (citing United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983)). "Furthermore, the conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" Id. at 829. Here, the complaint fails to sufficiently allege that there was a conspiracy or an act in furtherance of the conspiracy. The complaint alleges in a conclusory fashion that defendants conspired to deprive Terricina of her constitutional rights. However, the complaint fails to allege that the individual defendants agreed, even tacitly, to violate Terricina's constitutional rights, nor does it allege facts giving rise to an inference that the individual named defendants acted in concert or even communicated with each other concerning Terricina's case. Consequently, the § 1985(3) claim also fails to meet the threshold requirement for the appointment of counsel.

7

## C. Social Security Claim

Based on a liberal reading of the complaint, it is clear that Mrs. Oliver seeks review of the Commissioner's determination to stop Terricina's disability benefits.[4] The government argues that Terricina has failed to exhaust her administrative remedies and, therefore, the court lacks jurisdiction to review the Commissioner's disability cessation decision.

Under 42 U.S.C. § 405(g), the court is only authorized to review a "final decision" of the Commissioner made after a hearing in which the claimant was a party. The "final decision" requirement has two components, one waivable and the other nonwaivable. Mathews v. Eldridge, 424 U.S. 319, 328 (1976); City of New York v. Heckler, 742 F.2d 729, 734 (2d Cir. 1984), aff'd sub nom. Bowen v. City of New York, 476 U.S. 467 (1986). The nonwaivable component requires that the plaintiff has presented a claim for benefits to the Commissioner. Matthews, 424 U.S. at 328-39; Heckler, 742 F.2d at 735-36. The waivable component requires that the plaintiff has exhausted the administrative review procedures prescribed by the Commissioner. Matthews, 424 U.S. at 330; Heckler, 742 F.2d at 736. The exhaustion requirement may be waived by the Commissioner, or, under appropriate circumstances, by the court. Matthews, 424 U.S. at 330; Heckler, 742 F.2d at 736.

Terricina has presumably satisfied the nonwaivable element required by § 405(g) by filing

---

[4] Mrs. Oliver vehemently denies that the instant action has been brought under 42 U.S.C. § 405(g) and, instead, maintains that Terricina's claims are solely constitutional in nature. In light of the fact that Mrs. Oliver is proceeding pro se and bringing this suit on behalf of an infant, the court liberally construes the instant complaint as including a claim to seek judicial review of the Commissioner's decision to stop payment of Terricina's disability benefits.

8

an application for reconsideration of the cessation determination.[5] The exhaustion requirement, however, has clearly not been satisfied because Mrs. Oliver has not pursued Terricina's administrative remedies to a final decision of the Commissioner.[6] The Commissioner has not waived the exhaustion requirement, and the court therefore has jurisdiction only if a sufficient reason exists to waive the exhaustion requirement. In determining whether to waive the exhaustion requirement, the court considers (1) whether the claim is collateral to any demand for benefits, (2) whether exhaustion would be futile, and (3) whether the harm plaintiffs would suffer pending exhaustion would be irreparable. Heckler, 742 F.2d at 736. Given that the briefing in this case has primarily focused on the § 1983 and § 1985(3) claims and Mrs. Oliver has in fact denied that the complaint includes a claim under § 405(g), the court concludes that it would be premature to determine whether the exhaustion requirement should be waived based on the current record. The court therefore denies defendants' motion to dismiss plaintiff's claim under § 405(g). Rather, the court will postpone decision on this matter until after counsel is appointed, as discussed below, and Terricina's interest is adequately represented.

## D. Appointment of Counsel to Represent Terricina Oliver

Based on the allegations in the complaint, there may in fact have been procedural

---

[5] In spite of the government's documentary evidence showing that Mrs. Oliver signed a reconsideration request form dated August 18, 2004, (see Gov't Ex. B), Mrs. Oliver denies requesting reconsideration of the cessation decision, (see Pl. Opp. ¶ 22). However, for purposes of the presentment requirement, the court assumes the validity of the reconsideration request form.

[6] Mrs. Oliver was notified that the Commissioner denied the request for reconsideration of the October 30, 2003 cessation date and was informed that she had sixty days to request a hearing before an ALJ and ten days to request that Terricina's disability payments continue. (See Gov't Ex. A at 1-2.) It is undisputed that Mrs. Oliver failed to seek a hearing or request continued payment of Terricina's benefits.

irregularities in the Commissioner's determination that Terricina was no longer disabled. Thus, it is possible or even likely that Terricina continues to be disabled and is therefore entitled to disability benefits. Given the potential merit of Terricina's social security claim, the court concludes that it must appoint counsel to represent Terricina solely on the matter of restoring payment of her disability benefits. The court appoints Michael D. Hampden, Esq., of Legal Services for Children, Inc., 271 Madison Avenue, 17th Floor, New York, NY 10016, to represent Terricina Oliver on her social security claim. Mr. Hampden and counsel for defendants, Mr. Kelly, are directed to appear at a conference before the court on July 24, 2006 at 5:30pm.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. Accordingly, plaintiff's claims under 42 U.S.C. § 1983 and 1985(3) and state law claims for fraud, common law conspiracy, negligent infliction of emotional distress, and intentional infliction of emotional distress are dismissed without prejudice. The court, however, appoints counsel to represent Terricina Oliver for the limited purpose of pursuing her social security claim. The court directs counsel to appear before the court on July 24, 2006 at 5:30pm.

SO ORDERED.

                                       s/Allyne R. Ross
                                       Allyne R. Ross
                                       United States District Judge

Dated: July 14, 2006
       Brooklyn, New York

SERVICE LIST:

Pro Se Plaintiff

Sylvia Oliver
2364 Batchelder Street, Apt. 4C
Brooklyn, NY 11229

Counsel for Terricina Oliver

Michael D. Hampden, Esq.
Legal Services for Children, Inc.
271 Madison Avenue, 17th Floor
New York, NY 10016

Counsel for Defendant

John M. Kelly
United States Attorneys Office
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201